```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

_____

MARY O. MENDEZ, et al.,

              Plaintiffs,        Civil No. 14-7778 (NLH/KMW)

v.

                                            **OPINION**

UNITED STATES OF AMERICA, et al.,

              Defendants.

_____

**APPEARANCES:**

Loren T. Finesmith, Esquire
2915 North 5th Street
Philadelphia, Pennsylvania 19133

    *Counsel for Plaintiffs*

Jordan Milowe Anger, Assistant U.S. Attorney
Office of the U.S. Attorney
970 Broad Street
7th Floor
Newark, New Jersey 07102

    *Counsel for Defendant United States of America*

Carolyn R. Sleeper, Esquire
Parker McCay PA
9000 Midlantic Drive
Suite 300
Mount Laurel, New Jersey 08054-5054

    *Counsel for Defendants Dhiren Soni, D.O., Cooper Anesthesia*
    *Associates, P.C., Cooper University Hospital, and Cooper*
    *University Physicians*

**HILLMAN, District Judge:**

    This case presents a medical malpractice claim in which

Plaintiffs, Mary O. Mendez, individually and as the Executor of

1

the Estate of Bryan Jadiel Mendez, and Miletzy Hernandez, allege that Bryan Jadiel Mendez died within a minute of being delivered by cesarean section due to the negligence of the defendants. Because this case involves allegations of professional negligence, Plaintiffs were required to obtain an Affidavit of Merit pursuant to New Jersey law. Presently before the Court are a number of motions relating to Plaintiffs' efforts to obtain such Affidavit of Merit, including Plaintiffs' motion [Doc. No. 23] for expedited discovery to assist them in obtaining an Affidavit of Merit, Plaintiffs' motion [Doc. No. 26] for an extension of time to file an Affidavit of Merit, a motion [Doc. No. 45] to dismiss by Defendant Dhiren Soni, D.O. based upon Plaintiffs' failure to timely obtain an Affidavit of Merit, and Plaintiffs' second motion [Doc. No. 50] for an extension of time to obtain an Affidavit of Merit.

The Court has considered the submissions of the parties and decides the motions pursuant to Fed. R. Civ. P. 78. For the reasons that follow, Plaintiffs' motion for expedited discovery will be denied as moot. Plaintiffs' motions for an extension of time will be granted. Dr. Soni's motion to dismiss will be denied without prejudice.

I.      **JURISDICTION**

This Court exercises jurisdiction on grounds that the United States is a defendant and that the federal district

courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1).  The Court exercises supplemental jurisdiction over Plaintiffs' state law claims against the non-federal defendants pursuant to 28 U.S.C. § 1367.

**II.  BACKGROUND**

Plaintiffs initiated an action relating to the claims in this case in 2012 by filing a complaint in the Superior Court of New Jersey.  In that action, Plaintiffs alleged, inter alia, that Dr. Soni, an anesthesiologist who participated in the delivery of the decedent, was negligent in the manner in which anesthesia was administered to Plaintiff Mary Mendez, including ordering and administering spinal anesthesia when the circumstances warranted a faster form of anesthesia, administering anesthesia at the wrong spinal level, failing to administer anesthesia in a timely manner, and administering inadequate doses of anesthesia.  Plaintiffs obtained an

3

Affidavit of Merit from James F. Noone, M.D., which was filed in the state court action on November 13, 2012, and which states that "the care, skill or knowledge exhibited by Dhiren Soni, M.D., in the treatment he rendered . . . fell outside acceptable professional standards." (Aff. of Merit [Doc. No. 35-1] ¶ 4.)

On April 11, 2013, the action was removed to the United States District Court for the District of New Jersey, under Civil Action Number 13-2274 (RMB/JS), when the United States was substituted as a party for a number of the defendants. The United States then moved to dismiss the action based upon Plaintiffs' failure to exhaust administrative remedies. By Memorandum Opinion and Order dated October 23, 2013, the District Court granted the United States' motion to dismiss and declined to exercise supplemental jurisdiction over the remaining state law claims. The state law claims were thus remanded to New Jersey state court.

Plaintiffs thereafter sent an administrative claim to the United States Department of Health & Human Services. On June 12, 2014, Plaintiffs received a final agency denial of their claim and were advised of their right to file suit against the United States in federal district court within six months. On June 23, 2014, an Order was entered in the state court action which dismissed Plaintiffs' complaint without prejudice by agreement of the parties, so that Plaintiffs could pursue their

4

claims against all defendants in one action.  Plaintiffs then instituted this new suit against the United States, as well as other defendants, on December 12, 2014.  Several of the defendants, including Dr. Soni, Cooper University Hospital, Cooper University Physicians, and Cooper Anesthesia Associates, P.C., filed an answer on February 11, 2015.  The United States filed an answer on March 5, 2015.

On February 26, 2015, shortly after Dr. Soni and the Cooper Defendants filed their answer, Plaintiffs filed the motion for discovery that is presently before this Court.  In the motion, Plaintiffs concede that they are in possession of the relevant medical records, but they contend that such records are insufficient for them to obtain an Affidavit of Merit.[1]  Plaintiffs assert, for example, that the records do not identify the chemical agents used, the amounts used, clear information concerning the time when anesthesia was administered, or whether Plaintiff Mary Mendez was sufficiently anesthetized for the cesarean section.  In particular, Plaintiffs assert that the medical records indicate that 4:11 a.m. was the time of "Anesthesia Ready" and the time of "Induction."  According to

---

[1] Although Dr. Noone provided an Affidavit of Merit when Plaintiffs initially filed an action in state court in 2012, Plaintiffs represent that when asked to provide another Affidavit of Merit for this action, Dr. Noone would not do so. Plaintiffs do not explain why Dr. Noone has declined to provide an Affidavit of Merit in this case.

Plaintiffs, this entry is not self-explanatory, because "Induction" could refer to the time that anesthesia was commenced or the time it was completed, and the recollections of Dr. Soni and Dr. Chang -- the attending physician for the labor and delivery[2] -- are purportedly required for clarification.

Plaintiffs thus prepared and served interrogatories upon Dr. Soni, the United States, and two nurses who were the circulating nurses in the delivery room, addressing these factual issues.  Plaintiffs requested in the motion that the interrogatories be answered within thirty days, so as to enable Plaintiffs to timely obtain the requisite Affidavit of Merit. Plaintiffs also filed a motion to extend time to obtain an Affidavit of Merit.

Dr. Soni responded to the interrogatories on March 16, 2015, indicating that 4:11 a.m. was the time that anesthesia was completed.  The United States, and the delivery room nurses have not yet responded to the interrogatories.  Although no explanation is provided for the nurses' failure to respond to discovery, Plaintiffs' counsel represents that Dr. Chang has provided draft answers to counsel for the United States, but the draft answers had to be sent to CAMcare Health Corporation, the

---

[2] Dr. Chang was allegedly acting within the course and scope of his employment and in furtherance of the interests of the United States.  Accordingly, the United States is named as a defendant based upon the alleged wrongdoing of its agent, Dr. Chang.

6

corporation through which Dr. Chang was deemed to have been an employee of the United States, for verification. Plaintiffs' counsel nonetheless indicates, based upon information provided by counsel for the United States, that anesthesia may not have been ready until a point in time approximately fourteen minutes later than the time indicated by Dr. Soni in his answers to interrogatories.

Before the Court ruled on Plaintiffs' motions for expedited discovery and to extend time to obtain an Affidavit of Merit, Dr. Soni moved for dismissal of the complaint based upon Plaintiffs' failure to timely serve the Affidavit. Plaintiffs oppose the motion, arguing that they require the United States' answers to interrogatories regarding when the anesthesia was ready to be able to obtain an Affidavit of Merit. Because they continue to await the United States' interrogatory answers, Plaintiffs ask that the motion to dismiss be denied, and they have also filed a second motion for an extension of time to obtain an Affidavit of Merit.

### III. DISCUSSION

#### A. Motion for Expedited Discovery

As soon as Dr. Soni and the Cooper Defendants filed an answer in this case, Plaintiffs served discovery requests and a motion for expedited discovery to enable them to procure an Affidavit of Merit. In the motion, Plaintiffs asked that Dr.

Soni, the United States, and Defendants Susan Ward, R.N. and Beryl Kelley, R.N. be directed to answer interrogatories within thirty days of February 24, 2015.  Pursuant to the Local Civil Rules of New Jersey, the motion for expedited discovery was made returnable on April 6, 2015.  Plaintiffs did not request that the motion be heard on short notice.

A party may not seek discovery until the parties have met and conferred as required by Fed. R. Civ. P. 26(f), unless otherwise authorized by court order.  Fed. R. Civ. P. 26(d). Plaintiffs represent that the parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on March 31, 2015.  Therefore, as of that date, Plaintiffs were entitled to serve discovery in the general course.  Plaintiffs' request that discovery be permitted on an expedited basis is therefore moot at this time, and the motion will be denied.

Although the motion is moot to the extent it seeks expedited discovery, the Court notes that the United States and Defendants Ward and Kelley do not appear to have yet responded to the interrogatories, even though the time to respond has expired.  Plaintiffs did not move to compel answers to these discovery requests, nor do they contend in their most recently-filed motion that interrogatory responses from Defendants Ward or Kelley are necessary to obtain an Affidavit of Merit. Plaintiffs do assert that they require the United States'

interrogatory responses to procure an Affidavit of Merit, and in light of the overdue nature of the United States' responses, the Court will require the United States to provide such answers within fifteen days hereof.  Indeed, although Plaintiffs consented to provide the United States additional time to respond to the interrogatories, such time has now expired, and the Court sees no reason why the United States should not be compelled at this time to respond to discovery served more than four months ago.

    B.    **Motions for Extension of Time to Obtain Affidavit of Merit**

An Affidavit of Merit is a legislative tool crafted for use by the courts to halt unmeritorious and frivolous professional malpractice lawsuits at an early stage of litigation.  <u>Buck v. Henry</u>, 207 N.J. 377, 382-83, 25 A.3d 240 (N.J. 2011); <u>Cornblatt v. Barow</u>, 153 N.J. 218, 242, 708 A.2d 401 (N.J. 1998).  The text of the Affidavit of Merit statute provides as follows:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or

9

        occupational standards or treatment
        practices.  The court may grant no more than
        one additional period, not to exceed 60
        days, to file the affidavit pursuant to this
        section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27.

    Because the Affidavit of Merit is a substantive rather than a procedural requirement of a professional malpractice suit, failing to submit an Affidavit of Merit after sixty days, or after an extension for good cause to 120 days, will usually result in a dismissal with prejudice.  <u>Ferreira v. Rancocas Orthopedic Assoc's</u>, 178 N.J. 144, 154, 836 A.2d 779 (N.J. 2003); <u>Cornblatt</u>, 153 N.J. at 247, 708 A.2d 401.

    The main purpose of the Affidavit of Merit statute is to "'weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court.'"  <u>Couri v. Gardner</u>, 173 N.J. 328, 340, 801 A.2d 1134 (N.J. 2002) (quoting <u>Hubbard v. Reed</u>, 168 N.J. 387, 395, 774 A.2d 495 (N.J. 2001)).  "The purpose of the statute, however, is not to afford malpractice defendants with a sword to fight off a malpractice action by procrastinating in providing records and other relevant materials that a competent, conscientious expert would have to analyze before submitting an Affidavit of Merit."  <u>Barreiro v. Morais</u>, 318 N.J. Super. 461, 470, 723 A.2d 1244 (N.J. Super. Ct. App. Div. 1999).  Thus, according to the New Jersey Supreme Court:

> If defense counsel files a motion to dismiss after the 120-day deadline and before plaintiff has forwarded the [Affidavit of Merit], the plaintiff should expect that the complaint will be dismissed with prejudice <u>providing the doctrines of substantial compliance and extraordinary circumstances do not apply</u>.

<u>Ferreira</u>, 178 N.J. at 154, 836 A.2d 779 (emphasis supplied).

The doctrine of substantial compliance requires a party to show "'(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.'" <u>Cornblatt</u>, 153 N.J. at 239, 708 A.2d 401 (quoting <u>Bernstein v. Bd. of Trustees of Teachers' Pension & Annuity Fund</u>, 151 N.J. Super. 71, 76–77, 376 A.2d 563 (N.J. Super. Ct. App. Div. 1977)).  "[B]ecause the legislature did not intend the statute to be applied literally and strictly, in each case the court is 'required to assess the facts against the clearly defined elements to determine whether technical non-conformity is excusable.'" <u>Kindig v. Gooberman</u>, 149 F. Supp. 2d 159, 164 (D.N.J. 2001) (quoting <u>Galik v. Clara Maass Med. Ctr.</u>, 167 N.J. 341, 354, 771 A.2d 1141 (N.J. 2001)).

In this case, Plaintiffs initially filed a request for an extension of time under the "good cause" standard because their

time to file an Affidavit of Merit had not yet expired.  Before the Court ruled on that motion, but after their time to obtain an Affidavit of Merit expired, Plaintiffs filed another motion to extend time.  Plaintiffs argue in their latter-filed motion that "extraordinary circumstances" warrant an extension of time to file an Affidavit of Merit because the medical records are not, in themselves, sufficient to obtain an expert opinion, and interrogatory responses are needed to clarify the medical records.

In support, Plaintiffs rely on Barreiro, wherein the medical records provided to the plaintiffs' expert were indecipherable, and the proposed expert requested translation thereof before being able to render an opinion for purposes of providing an Affidavit of Merit.  318 N.J. Super. at 472, 723 A.2d 1244.  The New Jersey Appellate Division found that "extraordinary circumstances" may exist and thus remanded for consideration of whether the requirements of the Affidavit of Merit statute should be relaxed.  Id.  The Appellate Division noted as follows:

> [Plaintiffs] will be given the opportunity to present proofs that the hospital records were indecipherable.  Once that indecipherable nature is established, [their expert] will be afforded the opportunity to prove the indecipherable documents had a substantial bearing on his preparation [of] the affidavit and prevented him from doing so in a timely fashion.  Assuming the

12

> evidence presented demonstrates, by its preponderance, such an obstacle to the submission of an Affidavit of Merit, the trial court must determine whether the delays asserted in the record before us did in fact occur. Those proofs, and other relevant facts, must then be considered by the court to determine whether extraordinary circumstances existed to justify a dismissal without prejudice.

Barreiro, 318 N.J. Super. at 472, 723 A.2d 1244.

For reasons explained below, the Court finds that Plaintiffs are entitled to an extension of time to obtain an Affidavit of Merit under the circumstances presented here. Plaintiffs have been diligent in their efforts to obtain an Affidavit of Merit and were not merely sleeping on their rights. Ever since Dr. Soni and the Cooper Defendants filed an answer to the complaint, Plaintiffs have attempted to obtain the information that they believe is necessary to procure an Affidavit of Merit to support their claims.

In so finding, the Court initially notes that when the original motion to extend time was filed, the time to obtain an Affidavit of Merit had not yet expired. The Affidavit of Merit statute states that the Court may grant a sixty-day extension of time to provide an Affidavit of Merit for "good cause." N.J.S.A. § 2A:53A-27. Dr. Soni and Cooper University Hospital opposed that motion on the basis that Plaintiffs did not have good cause for an extension because they have had five years to

13

obtain the information necessary to procure an Affidavit of Merit.  This argument, however, misconstrues the record.  The incident that gave rise to the claims in this case occurred in 2010, but when Plaintiffs filed the action in 2012 they were able to obtain an Affidavit of Merit from Dr. Noone.  Thus, Plaintiffs had no reason to know at that time that further discovery would be necessary to obtain an Affidavit of Merit for this federal suit.  Presumably, it was not until at least December 2014, when this action was filed and Dr. Noone apparently refused to provide another Affidavit of Merit, that Plaintiffs learned they would have to identify a new expert.  To aid in their efforts to obtain a new Affidavit of Merit, Plaintiffs served interrogatories in February 2015, and they filed a motion seeking to obtain the interrogatory answers in expedited fashion so as to timely obtain an Affidavit of Merit.  Given these facts, the Court finds that Plaintiffs demonstrated good cause for an extension of time to obtain an Affidavit of Merit, which supports their initial motion.

   Moreover, even if the Court considers the elements of substantial compliance and extraordinary circumstances, which factors are to be considered when the time for filing an Affidavit of Merit has already expired, the Court finds that such factors support a short extension of time.

14

With respect to the first and fourth factors of substantial compliance, Dr. Soni and Cooper University Hospital have been on notice of the basis of this lawsuit since suit was first filed in 2012, at which time Plaintiffs obtained an Affidavit of Merit from Dr. Noone that put these defendants on notice that Plaintiffs' claims were not patently frivolous.  Given such notice, there can be no assertion that Defendants have lost evidence due to Plaintiffs' failure to timely obtain an Affidavit of Merit.  See Kindig, 149 F. Supp. 2d at 164.  Furthermore, Dr. Soni and Cooper University Hospital do not assert any undue additional defense costs that will arise if Plaintiffs are granted a short extension of time.  The only potential prejudice would be that these defendants may have to defend against a potentially meritorious claim, but such prejudice is not "legal prejudice" and does not outweigh the strong preference in this Circuit for adjudication on the merits rather than disposition on procedural grounds.  See id.

The fact that Plaintiffs obtained an Affidavit of Merit from Dr. Noone in the 2012 state court action also supports the second and third considerations in the substantial compliance inquiry.  Although Plaintiffs agreed to voluntarily dismiss the state court action with the intention of re-filing their claims in federal court along with the claims against the United States, Plaintiffs likely did not anticipate that their expert

15

would refuse to provide an Affidavit of Merit when the case was re-filed.  Thus, but for the procedural circumstances that arose when the United States was substituted as a defendant, Plaintiffs would already have the requisite Affidavit of Merit to support their claims against Dr. Soni and Cooper University Hospital.  Moreover, within days of Dr. Soni's and the Cooper Defendants' filing of an answer in this case, Plaintiffs served interrogatories in an effort to obtain the information they contend is necessary to procure an Affidavit of Merit, as well as a motion to compel expedited responses to these discovery requests.  Plaintiffs also sought an extension of time to provide an Affidavit of Merit well before the time to provide such affidavit expired.  Under these circumstances, Plaintiffs have clearly taken steps to comply with the Affidavit of Merit statute and, correspondingly, have generally complied with the purpose of the statute.  The Court believes that Plaintiffs have demonstrated a "desire to fulfill the threshold requirement, thus complying with the purpose of the statute." <u>Kindig</u>, 149 F. Supp. 2d at 165.

Despite the foregoing, the fifth factor does not support Plaintiffs' request for an extension of time to obtain an Affidavit of Merit.  Specifically, while Plaintiffs contend that they are unable to obtain an Affidavit of Merit until they receive interrogatory responses, Plaintiffs have not

16

sufficiently demonstrated that the responses are necessary to obtain the Affidavit.  In Barreiro, the case cited by Plaintiffs, the trial court was directed to consider both whether the medical records were indecipherable and, if so, whether the indecipherable documents had a substantial bearing on the expert's preparation of the Affidavit of Merit and prevented him from doing so in a timely fashion.

    Here, Plaintiffs contend that the medical records lack sufficient clarity as to when the anesthesia was ready because the records indicate that the time for "Anesthesia Ready" and "Induction" was the same.  Even assuming that these entries are unclear, Plaintiffs submit no evidence that this lack of clarity has any bearing -- let alone a substantial bearing -- on their inability to obtain an Affidavit of Merit.  In this regard, they do not assert that Dr. Noone, or any other expert, has reviewed the medical records and requested more information as to the time that anesthesia was ready before being able to render an opinion as to whether Dr. Soni breached the applicable standard of care.[3]  Moreover, Dr. Soni responded to Plaintiffs'

---

[3] Indeed, Dr. Noone was able to render an opinion based upon the medical records in the state court action in 2012.  In the absence of any explanation as to why Dr. Noone has refused to provide an Affidavit of Merit at this time, the Court questions whether his refusal can be ascribed to a lack of merit of Plaintiffs' claims, and not a lack of clarity of the medical records.

interrogatories in March 2015 and explained the time that the anesthesia was ready. With this clarification, Plaintiffs should have been able to timely obtain an Affidavit of Merit, but they still have not done so. Accordingly, Plaintiffs do not present a reasonable explanation as to why they have been unable to obtain an Affidavit of Merit.[4]

Nevertheless, on balance the Court finds that the factors of substantial compliance weigh in favor of granting one thirty-day extension of time to obtain an Affidavit of Merit. While it is not clear to the Court that interrogatory responses from the United States will enable Plaintiffs to obtain an Affidavit of Merit, the Court has now required the United States to provide interrogatory responses within fifteen days, and Plaintiffs will soon have the information they purportedly need to obtain an Affidavit of Merit. Under these circumstances, and given Plaintiffs' apparent efforts to comply with the requirements of the Affidavit of Merit statute and the dispositive effect that would result if the extension of time is not granted, the Court will grant Plaintiffs one short extension of time.

---

[4] Plaintiffs apparently hope that Dr. Chang will provide a different interrogatory response that pins the time that anesthesia was completed later than the time identified by Dr. Soni, in which case they believe they will be able to obtain an Affidavit of Merit. Plaintiffs, however, provide no evidence to support their theory that they will be able to procure an Affidavit of Merit if Dr. Chang identifies a different time for completion of anesthesia.

    **C.   Dr. Soni's Motion to Dismiss**

Because the Court will provide Plaintiffs additional time to obtain an Affidavit of Merit, Dr. Soni's motion to dismiss for failure to obtain an Affidavit of Merit will be denied without prejudice. If Plaintiffs fail to obtain an Affidavit of Merit within thirty days, Dr. Soni may re-file his motion to dismiss.

**IV.  CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for expedited discovery will be denied as moot. Plaintiffs' motions for an extension of time to serve the Affidavit of Merit will be granted, and Plaintiffs will have thirty days to serve an Affidavit of Merit upon Dr. Soni and Cooper University Hospital. Dr. Soni's motion to dismiss will be denied without prejudice. Finally, the United States will be compelled to respond to Plaintiffs' interrogatories, which were sent on February 24, 2015, within fifteen days.

An Order accompanying this Opinion will be entered.

                                                  s/ Noel L. Hillman
                                                NOEL L. HILLMAN, U.S.D.J.

Dated: August 5, 2015

At Camden, New Jersey